## Archibald C. McElroy, Plff. in Err., *v.* William M. Meredith.

In a suit for damages for a malicious criminal prosecution alleged to have been brought for the purpose of harassing one's opponent in a civil suit to quiet a title then pending, evidence as to the title is irrelevant as the question of title cannot be determined in a suit of this kind.

It is not error to charge a jury as a matter of law that if they find that a criminal prosecution was brought by a party to affect a civil cause then pending, that would of itself be evidence of malice.

Specifications of error that are not assigned in accordance with the rules of court will not be considered.

(Argued January 11, 1888.  Decided January 23, 1888.)

July Term, 1887, No. 22, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.  Error to the Common Pleas No. 3 of Philadelphia County to review a judgment for plaintiff in an action for damages for a malicious prosecution.  Affirmed.

The facts as they appeared on the trial before GORDON, J., were, substantially, as follows:

December 12, 1883, McElroy purchased from one M. L. Hofford a lot of ground in the city of Beverly, N. J., the possession of which was immediately delivered to him.  He then made a contract to have a house built upon the same; and when the workmen went to work upon it they were requested to stop by J. W. Harpur, who alleged that he had a leasehold interest in this property.

NOTE.—One who institutes a criminal prosecution to secure some private end is presumed prima facie to have acted maliciously.  Wenger v. Phillips, 195 Pa. 214, 78 Am. St. Rep. 810, 45 Atl. 927; Saunders v. Landes, 6 Montg. Co. L. Rep. 77.  And this presumption is conclusive in the absence of proof of probable cause.  Reed v. Loosemore, 197 Pa. 261, 48 Atl. 20.

See also note to Crawford v. Ryan, 5 Sad. Rep. 212.

William M. Meredith, a member of the Philadelphia bar, was employed by Harpur to defend his rights.

On April 7, 1884, Meredith and his client went on this land and endeavored to stop the workmen. McElroy then attempted to eject Meredith and subsequently caused him to be arrested, on the charge of an assault. The justice of the peace discharged Meredith and committed McElroy, who was, however, afterwards discharged at Meredith's request.

McElroy afterwards consulted counsel about this matter and subsequently on March 6, 1884, when Meredith went to Beverly to consult with his client, he swore out a warrant, charging Meredith with threats and violence against him. Meredith was accordingly taken into custody and marched through the streets to the magistrate's office. The latter heard no proofs in the matter, but immediately demanded bail in $1,000, to appear at the next quarter sessions. Meredith did appear at the two following terms, but McElroy failed to appear. McElroy having failed to appear at a third term, after notice, the court discharged Meredith. The matter of the arrest was printed in four newspapers in Philadelphia, Beverly, and Burlington. Meredith then brought this action for damages for malicious prosecution.

On the trial McElroy testified as follows: "I thought if I had him arrested it would enable me to quietly enjoy the land. I thought arresting them would assist me in establishing my rights in the civil suit then pending against me, and bound them over to quietly enjoy the land."

Counsel for defendant offered to prove by McElroy that Harpur had said to him that he never had the property of Hofford, which defendant had purchased. This offer was to contradict plaintiff and to show actual or probable cause for the arrest. Objected to by defendant. Objection sustained. Exception. [1]

It further appeared from the evidence that McElroy had not fully presented the facts of the case when he took the advice of counsel.

The court charged the jury, *inter alia,* as follows:

[I say at the outset, you have nothing to do with determining the contention as to who had the better title to the premises in dispute, for you cannot determine that in this case, and

whether Harpur had it involved here. Tha⁺ ... or McElroy had it is not the question avoidably as part ... question has appeared in this case un the action for t¹ of the occurrence referred to at the time of in this case as ...e assault and battery, and was only admitted me to know ...part of the res gestæ. It is sufficient for you and what yo¹¹ ...there was a disputed title]; [2] and in this action not re· ...are to determine is whether Mr. McElroy had or had fenᶠ ...sonable ground for charging Mr. Meredith with the of sᵗ· ...es before the magistrate, or whether he was or was not in ...gated by malice.

McElroy said on the stand that he thought by bringing these criminal prosecutions he would assist himself in some way in the civil suit then pending to determine his right to the land and relieve him from the annoyance of Mr. Harpur and his counsel in bringing that civil suit.

[I charge you as a matter of law that if a criminal prosecution without probable cause is brought for the purpose of harassing one's opponent in a civil suit then pending to quiet a title, that is evidence of malice. That would be an abuse of criminal process. If you find that this criminal prosecution was brought by McElroy to affect his civil cause then pending in the courts of Jersey, that would be evidence of malice. Titles cannot be quieted in any such way.] [3] Malice may also be evidenced in many other ways, as I have heretofore explained to you.

Verdict for plaintiff for $1,000, and judgment thereon.

Defendant took this writ, specifying for error: (1) The ruling on the offer of evidence; and (2, 3) the portions of the charge in brackets above quoted.

Defendant, without having taken any exceptions to that effect in the lower court, also specified the following assignments:

4. The court erred in its charge to the jury, the tendency of which was that the defendant's paramount exclusive right to the possession of the premises in dispute was not evidence of actual or probable cause for the commencement of his prosecution against the plaintiff.

5. The court erred in charging the jury that it was a question of veracity between the plaintiff and defendant, as to whether the plaintiff assaulted the defendant, thereby entirely ignoring the testimony of the plaintiff's own witness, Edward M.

Vansciver, who testified that the plaintiff put his hands upon the defendant's shoulders in resisting him when he attempted to eject him from his lot.

*J. D. Bennett,* for plaintiff in error.—The advice of counsel who have been fully informed as to the facts is a complete justification. Fisher v. Forrester, 33 Pa. 501; 12 Am. L. Reg. N. S. 789; 4 Am. L. Reg. 384; Graver v. Fehr, 3 Sad. Rep. 203.

A defendant cannot be charged with malice because he failed to prove a charge of a small offense, when he was able to prove one of a higher grade. Gilliford v. Windel, 108 Pa. 146.

Where the facts are contested they should be left to the jury, with instruction as to what in law is probable cause.

Even in the absence of probable cause it was important to disprove malice in fact, if for no other purpose than in mitigation of damages. Neall v. Hart, 115 Pa. 347, 2 Am. St. Rep. 559, 8 Atl. 628; 3 Stephens, N. P. 2284; 12 Am. L. Reg. N. S. 789.

No recovery can be had, if the defendant can satisfy the jury that the plaintiff was guilty, notwithstanding his acquittal. 21 Am. L. Reg. N. S. 813; Greenl. Ev. § 352; Roscoe, Ev. 304.

If a judge assumes a fact which is not in evidence, the judgment must be reversed. 2 W. N. C. 105; 32 Phila. Leg. Int. 404.

Probable cause does not depend on the actual state of the case, but upon the honest and reasonable belief of the party prosecuting. It is a reasonable ground for belief of guilt without regard to what induces that belief, if it be reasonably sufficient. Smith v. Ege, 52 Pa. 419.

One who incites others to commit an assault and battery is guilty as a principal, if the offense be actually committed, although he did not otherwise participate in it. Wharton, Crim. Law, 313.

If the plaintiff resists the defendant, upon his gently laying hands on him, the defendant may repel force with force; and any degree of violence may be justified. Roscoe, Ev. 371.

The law couples the idea of force with that of intrusion upon the property of another. 3 Bl. Com. 211.

A man may justify in an action of trespass on account of the freehold and the right of entry being in himself, and this defense brings the title of the estate in question. Id. 214.

Justification by force may be pleaded in defense of the possession of real or personal property. 1 Stephens, N. P. 215.

The right to use force to eject a trespasser makes the trespasser guilty of an assault and battery, if he lays his hands upon the ejector to prevent his removal; the least touching of another's person wilfully, or in anger, is a battery. Wharton, Crim. Law. 313; 3 Bl. Com. 120.

The record of another state certified to be a copy of the judgment roll is evidence. 25 Pa. 509; 3 Pa. (L. ed.) 550, 7 Cent. Rep. 500.

The purpose of the above rejected evidence was not asked when offered by the counsel for the defendant.

If evidence which has been rejected is admissible for any purpose, it is ground for reversal if the purpose of it were not asked when offered. 4 Binn. 198; 11 Serg. & R. 352; 61 Pa. 179; 1 Phila. 473.

A general objection to evidence does not reach the competency of a witness. 71 Pa. 56.

It is error to reject a piece of evidence which in any way tends to prove the issue, however inconclusive. 11 Serg. & R. 257; 13 Serg. & R. 96; 6 Whart. 406; 5 Watts & S. 400; 61 Pa. 179.

If there be any evidence to prove a disputed fact, it must go to the jury. 9 Pa. 238; 2 Penr. & W. 310.

The disputed fact was the exclusive right of possession of the lot and the primary cause of the two prosecutions of the plaintiff by the defendant.

It is error to reject evidence which is relevant to the issue before the jury. 11 Serg. & R. 120, 149; 2 Penr. & W. 198; 3 Penr. & W. 292, 295.

The issue before the jury was, Did the defendant maliciously prosecute the plaintiff or had he had probable cause?

Any circumstance which tends to disprove the malice of the defendant in preferring the charge should be produced. 3 Stephens, N. P. 2,284; 3 Pa. (L. ed.) 550, 7 Cent. Rep. 500.

If no particular instructions are prayed, the court is responsible for the general effect of the charge. 30 Pa. 454.

The court will notice an error not assigned which plainly appears, where the justice of the case requires it. 10 Serg. & R. 55, 62; 5 Watts, 205; 35 Pa. 505.

It is insufficient to prove a mere acquittal or even to prove

.ny neglect or omission on the part of the defendant to make good his charge, for the prosecution may have been commenced and abandoned from the purest and most laudable motives. 3 Stephens, N. P. 2,284; 1 Phila. 113.

The presumption is that every public prosecution is founded on a probable cause, and an abandonment or an omission to make good the charge is not *per se* evidence of want of probable cause. 63 Pa. 234.

Proof of an acquittal for want of prosecution is not even prima facie evidence of malice to support the action, and abandoning the prosecution is not sufficient evidence of want of probable cause. Roscoe, Ev. 302.

To support an action for malicious prosecution it must appear that the prosecution was groundless, and so known (or that it might have been so known) to be by the prosecutor. 39 Pa. 288.

If the act be lawful, the motives of the prosecutor will not be inquired into. If there be probable cause, it matters not that the prosecution be malicious. 39 Phila. Leg. Int. 402.

Probable cause depends not upon the guilt or innocence of the plaintiff, but on the defendant's belief of his guilt. 5 Watts & S. 438; Brightly (Pa.) 494; 33 Pa. 501; 30 Phila. Leg. Int. 160.

*A. T. Freedley,* for defendant in error.—The title to the property was not involved in this action. Quinn v. Com. 7 Sad. Rep. 417.

As matter of law the charge was clearly free from error, and it has been consistently held that a resort to criminal process to establish or advance civil rights or rights involved in civil suits is an abuse of the criminal law which entitles the parties injured thereby to exemplary damages; and *a fortiori* is this so when, as here, it appears that the sole object was to harass an opponent—and this was sought to be accomplished by arresting the client, the counsel and his witness. Prough v. Entriken, 11 Pa. 82; Schofield v. Ferrers, 47 Pa. 196, 86 Am. Dec. 532.

As was said in a case upon the subject: "It is impossible to conceive anything more serious than a case of recklessly setting the criminal law in motion for the purpose of settling a question about property. If persons having disputes about property think themselves justified in using the criminal law in order to vindicate their rights, the sooner the mistake is

brought home to them the better." Colson v. Radclyffe, 4 Times Law Rep. 60 (November 16, 1887).

There were no exceptions to sustain the fourth and fifth assignments of error.

PER CURIAM:

We see no error in sustaining the objection of the plaintiff to defendant's offer to prove by the witness McElroy what John W. Harpur had said about the lease of the rear lot of Mr. Hofford. If the fact be that plaintiff testified that Mr. Harpur had leased the lot in question from Mr. Hofford, he could not be contradicted by proving Harpur's declarations. Aside from this, the whole matter was irrelevant.

Nor do we find any error in the charge of the learned judge, as set forth in the second and third assignments. The issue was not a question of title to real estate, and the court below was right in so instructing the jury.

The fourth and fifth specifications are not assigned in accordance with the rules of court, and have not been considered.

Judgment affirmed.